Ira S. Sacks
Mark S. Lafayette
Jamie B. Shyman
AKERMAN LLP
666 Fifth Avenue, 20th Floor
New York, New York 10103
Tel. (212) 880-3800
Fax (212) 905-6458
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KIPLING APPAREL CORP.,

Plaintiff,

-against-

JOHN DOES 1-30, JACK DOES 31-60 and JANE DOES 61-100,

Defendants.

Civil Action No.

**COMPLAINT**

**JURY TRIAL DEMANDED**

**[FILED UNDER SEAL]**

Plaintiff Kipling Apparel Corp. ("Kipling" or "Plaintiff"), for its Complaint for trademark counterfeiting, trademark infringement and related claims against JOHN DOES 1-30, JACK DOES 31-60 and JANE DOES 61-100 (collectively, the "Defendants"), alleges on knowledge as to Plaintiff's own acts and otherwise on information and belief, as follows:

## NATURE OF THE ACTION

1. This is a civil action for counterfeiting in violation of 15 U.S.C. § 1114; trademark infringement in violation of 15 U.S.C. § 1114; false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a); and related state and common law claims (the "Action"). Plaintiff seeks an *ex parte* temporary restraining order, an *ex parte* order of seizure, expedited discovery, preliminary and permanent injunctive relief, actual or statutory damages, recapture of profits, reasonable attorneys fees and costs, a sealing order and such other and

further relief as this Court deems just and proper.

**PARTIES**

2. Plaintiff Kipling Apparel Corp. ("Kipling") is a Delaware corporation with its principal place of business in Wilmington, DE.

3. Defendants John Does 1-30 ("John Does") are street vendors operating in New York City (hereinafter the "Street Vendor Defendants").

4. Defendants Jack Does 31-60 ("Jack Does") are entities or individuals engaged in the supply of merchandise to the Street Vendor Defendants.

5. Defendants Jane Does 61-100 ("Jane Does") are entities or individuals engaged in the manufacture of merchandise supplied to the Street Vendor Defendants.

6. Due to the nature of Defendants John Does', Jack Does' and Jane Does' business practices, the identities of Defendants are not presently known. If Defendants' identities become known, the Complaint herein will be amended to include such names of these individuals and corporations.

7. Defendants are doing business in New York and in this District.

**JURISDICTION AND VENUE**

8. This is an action for trademark counterfeiting, trademark infringement and false designation of origin arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et. seq*., as amended (the "Lanham Act"), and for unlawful and deceptive acts and practices under the laws of the State of New York.

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), (b); and 15 U.S.C. §§ 1116, 1121. This Court has jurisdiction over Plaintiff's claims for unlawful and deceptive acts and practices under the laws of the State of New York pursuant to

the principles of supplemental jurisdiction and 28 U.S.C. § 1367.

10. This Court has personal jurisdiction over Defendants because Defendants conduct business in New York and in this District and/or purposely target and/or direct their activities at the State of New York and this District.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants conduct business in this District and a substantial part of the events or omissions giving rise to the Action occurred in, and caused damage to Plaintiff in, this District.

## KIPLING'S TRADEMARKS

12. Kipling-branded merchandise, including but not limited to, handbags, backpacks, fanny packs, totes, luggage and related accessories (the "Kipling Products") is distributed and sold by the Sportswear (in North America) and Outdoor and Action Sports (outside North America) Coalitions of VF Corporation ("VFC").

13. Genuine Kipling Products are sold in the United States through department, specialty and luggage stores, more than 30 company-operated full-price and outlet stores, and online at Kipling's website, www.kipling.com.

14. Kipling has numerous and valuable common law trademarks and other rights as a result of its extensive use, advertising and promotion of the Kipling Products.

15. Kipling has also protected its valuable rights by filing for and obtaining United States trademark registrations. Kipling's registered and common law trademarks are collectively referred to herein as the "Kipling Marks."

16. The Kipling Marks include, but are not limited to, the following registrations in the United States Patent and Trademark Office:

| Registration Number | Trademark | Word mark | Goods and Services |
|---|---|---|---|
| 4816387 | KIPLING | Kipling | Metal locks for luggage; passport cases; pen or pencil holder; towels |
| 4814427 | kipling MAKE HAPPY | Kipling Make Happy | Retail store services featuring bags and related accessories; online retail store services and mail order retail store services featuring bags and related accessories |
| 4708413 | kipling | Kipling | Metal locks for luggage; passport cases; pen or pencil holders; towels |
| 4708411 | KIPLING KIPLING | Kipling | Passport cases; pen or pencil holders |
| 4537944 | KIPLING | Kipling | Jackets |
| 4455299 | KIPLING KIPLING | Kipling Kipling | Jackets |
| 3397799 | kipling | Kipling | Retail store and wholesale store services in the field of handbags, luggage and related accessories; providing consumer product and dealer information via the internet |
| 2945417 | KIPLING | Kipling | travel cases; suitcases; school bags; bags, namely, all purpose sport bags, bags for campers, bags for climbers, cosmetic bags sold empty, duffel bags, clutch bags, handbags, travel bags; and backpacks |
| 2159124 | kipling | Kipling | Clothing, namely, T-shirts |
| 1952994 | kipling | Kipling | Traveling trunks and traveling bags, handbags, school bags, athletic sport bags, make-up bags sold empty, toilet |

| | | | |
|---|---|---|---|
| | | | cases old empty, suitcases, attaché cases, book bags, rucksacks, backpacks, waist packs, key cases, pocket wallets, purses, and umbrellas |
| 1889891 | | Kipling Kipling | Traveling bags; handbags; schoolbags; all purpose sports bags; cosmetic bags sold empty; vanity cases sold empty; suitcases; carrying cases for books, stationery, clothing and shoes; rucksacks; backpacks; waist packs; bags for board games and card games; key cases; pocket wallets and purses |
| 1511776 | | Kipling Back To The Bag | Handbags, suitcases and wallets |

True and correct copies of the online registration information of the foregoing are attached hereto as **Exhibit A**.

17. All of the foregoing registrations are valid, subsisting, unrevoked and uncancelled. Additionally, many of the foregoing registrations have achieved incontestable status pursuant to 15 U.S.C. § 1065: U.S. Reg. Nos. 3,397,799, 2,945,417, 2,159,124, 1,952,994, 1,889,891 and 1,511,776.

18. Long prior to the acts of Defendants complained of herein, Kipling commenced with the use of the following distinctive trade dress: (i) crinkled nylon fabric; (ii) matte silver or grey metallic zippers, with a circular plastic end tab containing a metal center and oversized zipper teeth; and (iii) one or more concentric circle emblem(s) with raised symmetrical details stemming from the epicenter of the circle (the "Kipling Trade Dress"). True and correct copies of photographs of a sample genuine Kipling Product incorporating the Kipling Trade Dress are attached hereto as **Exhibit B**.

19. The Kipling Marks and Kipling Trade Dress are highly visible and distinctive symbols of excellence in quality and uniquely associated with Kipling.

20. The Kipling Marks and Kipling Trade Dress are featured prominently in the advertising and promotion of the Kipling Products. The Kipling Products generated over $123 million in sales in the United States in 2015 alone.

21. Kipling's expenditures on advertising in the United States in 2015 were over $6.7 million. As a result of Kipling's marketing and promotion efforts and the high quality of the Kipling Products, Kipling Products have become prominently placed in the minds of the consuming public. Retailers, retail buyers, consumers and members of the public have become familiar with the Kipling Marks and Kipling Trade Dress and have come to associate them exclusively with Kipling. Kipling has acquired a valuable reputation and goodwill among the public as a result of such association.

22. Kipling has gone to great lengths to protect its interests in the Kipling Marks, reputation and goodwill. No one other than Plaintiff and its authorized distributors and licensees are authorized to manufacture, import, export, advertise, distribute, offer for sale, and/or sell goods utilizing one or more of the Kipling Marks, or any confusingly or substantially similar marks, without the express permission of Plaintiff.

**DEFENDANTS' WRONGFUL ACTIVITIES**

23. In light of the success of Kipling and the Kipling Products, Kipling Products bearing one or more of the Kipling Marks have become targets for unscrupulous individuals and entities who wish to capitalize on the goodwill, reputation and fame of the Kipling Marks, Kipling Trade Dress and Kipling Products.

24. Plaintiff investigates such activity, and through such efforts, learned that the Street Vendor Defendants, operating as street vendors in and around New York City, have offered for sale and sold goods, supplied by Defendants Jack Does 31-60 and manufactured by

Defendants Jane Does 61-90, which bear counterfeits, reproductions, copies and/or colorable imitations of U.S. Reg. No. 1,889,891 and/or goods which display spurious designations that are identical with, or substantially indistinguishable from U.S. Reg. No. 1,889,891 (the "Counterfeit Products") and continue to do so. True and correct copies of photographs of sample Counterfeit Products being sold by certain of the Street Vendor Defendants at locations (i) in front of PC Richard & Son located at 120 East 14th Street, New York, New York 10003 at the 14th street south side between Irving and 3rd Avenue; and (ii) the northeast corner of 53rd Street and Fifth Avenue in New York City, are annexed hereto as **Exhibit C**.

25. Defendants, without authorization or license from Plaintiff, have knowingly and willfully used and continue to use counterfeits of U.S. Reg. No. 1,889,891 in connection with the offer for sale and sale of the Counterfeit Products, through, *inter alia*, making the Counterfeit Products available for sale at street vendor locations operated by the Street Vendor Defendants in and around New York City.

26. Plaintiff did not manufacture, inspect or package the Counterfeit Products and did not approve the Counterfeit Products for sale or distribution.

27. Defendants are not, nor have they ever been, authorized manufacturers, suppliers, vendors, distributors or licensees of the Kipling Products or goods bearing any one or more of the Kipling Marks. Neither Plaintiff nor Plaintiff's authorized agents have consented to Defendants' use of any one or more of the Kipling Marks, nor have they consented to Defendants' use of any marks identical to, or confusingly similar with, any one or more of the Kipling Marks.

28. In addition, the goods manufactured, supplied and/or sold and/or offered for sale by the Defendants bear marks that are confusingly similar to U.S. Reg. No. 1,889,891 (the

"Infringing Products", and with the Counterfeit Products, the "Illegal Products") and designs which are confusingly similar to the Kipling Trade Dress which are likely to confuse consumers as to Kipling's sponsorship of, association with, or endorsement of, the Infringing Products.

29. Defendants' illegal counterfeiting and infringing actions alleged herein, and Defendants' use of marks identical to, substantially indistinguishable from, and/or confusingly similar to, U.S. Reg. No. 1,889,891 on or in connection with the offering for sale and sale of the Illegal Products: (i) are likely to cause and has caused confusion, mistake and deception by and among the consuming public that all such goods originate with Kipling; (ii) are likely to cause and has caused confusion, mistake and deception by and among the consuming public that there is some affiliation, connection or association of the Illegal Products with Kipling; and/or (iii) are likely to cause and has caused confusion, mistake and deception by and among the consuming public that the Illegal Products are being offered with the sponsorship or approval of Plaintiff.

30. Defendants offered for sale and sold, supplied and/or manufactured the Illegal Products knowing that the Illegal Products bore infringements and counterfeits of one or more of the Kipling Marks and/or the Kipling Trade Dress, or willfully ignored whether the goods bore infringements and counterfeits of one or more of the Kipling Marks and/or the Kipling Trade Dress. Defendants engaged in a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation and/or sponsorship of said goods and, to gain to Defendants, the benefit of the enormous goodwill associated with the Kipling Products and/or products bearing one or more of the Kipling Marks and/or the Kipling Trade Dress.

31. Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

**FIRST CLAIM FOR RELIEF**
**FEDERAL TRADEMARK COUNTERFEITING**
**(15 U.S.C. § 1114)**

32. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 31 above as if fully set forth herein.

33. The Counterfeit Products use marks that are identical to or substantially indistinguishable from U.S. Reg. No. 1,889,891.

34. Defendants' manufacture, distribution, offer for sale and/or sale of the Counterfeit Products was without Plaintiff's authorization or consent.

35. Defendants' manufacture, distribution, offer for sale and/or sale of the Counterfeit Products was knowing and intentional, with knowledge of both Plaintiff's well-known and prior rights in the Kipling Marks and the fact that Defendants' Counterfeit Products bear marks which are identical to or substantially indistinguishable from U.S. Reg. No. 1,889,891.

36. The Street Vendor Defendants have offered for sale and/or sold the Counterfeit Products to the consuming public in competition with the Plaintiff's sale of genuine Kipling Products.

37. Defendants have engaged in intentional and willful trademark counterfeiting in violation of 15 U.S.C. § 1114.

38. As a direct and proximate result of Defendants' actions alleged herein, Defendants have caused substantial and irreparable injury and damage to Plaintiff and their valuable Kipling Marks for which Plaintiff has no adequate remedy at law.

39. Unless Defendants' actions are immediately enjoined, Defendants will continue to cause damage to Plaintiff and their valuable Kipling Marks and Plaintiff will continue to suffer irreparable harm and injury.

**SECOND CLAIM FOR RELIEF**
**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114)**

40. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 39 above as if fully set forth herein.

41. Plaintiff is the owner of all right, title and interest in and to U.S. Reg. No. 1,889,891.

42. U.S. Reg. No. 1,889,891, and the goodwill of the business associated with it, is of great and incalculable value, is highly distinctive, and has become associated by the consuming public with the high quality and unique style of the Kipling Products.

43. Defendants knowingly and intentionally reproduced, copied, and colorably imitated U.S. Reg. No. 1,889,891 and applied such reproductions, copies or colorable imitations to the goods offered for sale and/or sold.

44. Defendants' actions have been deliberate and committed with knowledge of Plaintiff's exclusive rights and goodwill in U.S. Reg. No. 1,889,891, as well as with bad faith and the intent to cause confusion, mistake and deception.

45. Defendants' manufacture, supply, sale and/or offer for sale of the Illegal Products, without Plaintiff's consent, constitutes trademark infringement in violation of 15 U.S.C. § 1114. Such use is likely to cause confusion, deception and mistake among the consuming public as to the source, approval or sponsorship of the Illegal Products.

46. As a direct and proximate result of Defendants' unlawful and infringing actions as alleged herein, Plaintiff has suffered substantial and irreparable injury, loss and damage to its business and its rights in and to U.S. Reg. No. 1,889,891 and the goodwill associated therewith, for which Plaintiff has no adequate remedy at law.

47. Unless Defendants' unlawful and infringing actions as alleged herein are immediately enjoined, Defendants will continue to cause damage to Plaintiff and their valuable Kipling Marks and Plaintiff will continue to suffer irreparable harm and injury.

**THIRD CLAIM FOR RELIEF**
**FEDERAL FALSE DESIGNATION OF ORIGIN, PASSING OFF AND UNFAIR COMPETITION**
**(15 U.S.C. § 1125(a))**

48. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 47 above as if fully set forth herein.

49. Plaintiff is the owner of all right, title and interest in and to the Kipling Marks.

50. The Kipling Marks are inherently distinctive and/or have acquired distinctiveness.

51. Defendants' use of copies or simulations of one or more of the Kipling Marks in connection with Defendants' manufacture, distribution, offer for sale and/or sale of the Illegal Products is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Illegal Products, and is likely to deceive the public into believing the Illegal Products being sold, offered for sale, supplied and/or manufactured by Defendants originate from, are associated with or are otherwise authorized by Plaintiff, all to the damage and detriment of Plaintiff's reputation, goodwill and sales.

52. The Illegal Products manufactured, supplied, sold and/or offered for sale by Defendants are of the same type as the Kipling Products sold and offered for sale by the Plaintiff. Defendants' sale of the Illegal Products is likely to cause confusion to the general purchasing public.

53. By misappropriating and using one or more of the Kipling Marks, Defendants misrepresent and falsely describe to the general public the origin and source of the Illegal Products and create a likelihood of confusion by consumers as to the source of such

merchandise.

54. Defendants' unlawful, unauthorized and unlicensed manufacture, supply, offer for sale and/or sale of the Illegal Products creates express and implied misrepresentations that the Illegal Products were created, authorized or approved by Plaintiff, all to Defendants' profit and Plaintiff's great damage and injury.

55. Defendants' aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendants' manufacture, supply, offer of sale and/or sale of the Illegal Products in interstate commerce constitutes a false designation of origin and unfair competition.

56. As a direct and proximate result of Defendants' aforementioned wrongful actions, Defendants have caused irreparable injury to Plaintiff. Defendants, by (i) depriving Plaintiff of sales of its Kipling Products, (ii) injuring the value of one or more of the Kipling Marks and (iii) causing loss and damage to Plaintiff's business and Plaintiff's rights in and to one or more of the Kipling Marks and the goodwill associated therewith, have injured Plaintiff in a manner as to which Plaintiff has no adequate remedy at law.

57. Unless Defendants' unlawful actions as alleged herein are immediately enjoined, Defendants will continue to cause damage to Plaintiff and their valuable Kipling Marks and Plaintiff will continue to suffer irreparable harm and injury.

## FOURTH CLAIM FOR RELIEF
## TRADE DRESS INFRINGEMENT

58. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 57 above as if fully set forth herein.

59. Kipling's Trade Dress is entitled to protection because it is inherently distinctive, non-functional and/or it has acquired distinctiveness.

60. Defendants' use of copies or simulations of the Kipling Trade Dress in connection

with Defendants' sale of the Illegal Products constitutes trade dress infringement and is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Illegal Products, and is likely to deceive the public into believing the Illegal Products being manufactured, supplied, offered for sale and/or sold by Defendants originate from, are associated with or are otherwise authorized by Plaintiff, all to the damage and detriment of Plaintiff's reputation, goodwill and sales.

61. As a direct and proximate result of Defendants' unlawful and infringing actions as alleged herein, Plaintiff has suffered substantial and irreparable injury, loss and damage to its business and its rights in and to the Kipling Trade Dress and the goodwill associated therewith, for which Plaintiff has no adequate remedy at law.

62. Unless Defendants' unlawful and infringing actions as alleged herein are immediately enjoined, Defendants will continue to cause damage to Plaintiff and its valuable Kipling Trade Dress and Plaintiff will continue to suffer irreparable harm and injury.

## FIFTH CLAIM FOR RELIEF
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

63. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 62 above as if fully set forth herein.

64. The aforementioned acts of Defendants constitute trademark infringement and unfair competition in violation of the common law of the State of New York.

65. Such conduct on the part of Defendants has injured Plaintiff and has caused and threatens to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

66. Unless Defendants' unlawful actions as alleged herein are immediately enjoined,

Defendants will continue to cause damage to Plaintiff and its valuable Kipling Marks and the Kipling Trade Dress and Plaintiff will continue to suffer irreparable harm and injury.

**SIXTH CLAIM FOR RELIEF**
**VIOLATION OF DECEPTIVE ACTS AND PRACTICES**
**(N.Y. GENERAL BUSINESS LAW § 349)**

67. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 66 above as if fully set forth herein.

68. Through Defendants' unlawful, unauthorized and unlicensed use of marks which are identical or confusingly similar to one or more of the Kipling Marks in connection with the manufacture, supply, offering for sale, selling and/or otherwise dealing with the Illegal Products, and/or Defendants' use of copies or simulations of the Kipling Trade Dress in connection with Defendants' sale of the Illegal Products, Defendants have engaged in consumer-oriented conduct that has adversely affected the public interest and has resulted in injury to consumers in New York.

69. Defendants' aforementioned conduct was and is a willful and deliberate attempt to mislead consumers and constitutes the use of deceptive acts or practices in the course of business, trade or commerce. Such conduct has deceived and materially misleads, or has a tendency to mislead the consuming public and has injured, and will continue to injure Plaintiff's business, reputation and goodwill in violation of N.Y. Gen. Bus. Law § 349.

70. As a result of Defendants' actions alleged herein, Plaintiff has suffered, and will continue to suffer irreparable harm for which Plaintiff has no adequate remedy at law.

71. Pursuant to N.Y. Gen. Bus. Law § 349, Plaintiff is entitled to enjoin Defendants' unlawful conduct.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. Permanently enjoining and restraining Defendants, and their respective subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them from:

(a) imitating, copying or making unauthorized use of one or more of the Kipling Marks and/or the Kipling Trade Dress;

(b) manufacturing, importing, exporting, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any goods bearing any unauthorized reproduction, copy, counterfeit or colorable imitation of one or more of the Kipling Marks and/or the Kipling Trade Dress or any mark or design substantially indistinguishable from or confusingly similar to any one or more of the Kipling Marks and/or the Kipling Trade Dress;

(c) using any unauthorized colorable imitation of one or more of the Kipling Marks and/or the Kipling Trade Dress in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any goods in such a manner as to relate or connect, or tend to relate or connect, such goods of Defendants in any way with Kipling or to any goods sold, sponsored, approved by, or connected with Kipling;

(d) engaging in any other activity constituting unfair competition with Kipling, or constituting an infringement of one or more of the Kipling Marks and/or the Kipling Trade Dress or of Kipling's rights in, or its right to use or exploit such trademarks, and the reputation and goodwill associated therewith;

(e) making any statement or representation whatsoever, with respect to the

infringing and counterfeit goods at issue, that falsely designates the origin of the goods as those of Kipling, or that is false or misleading with respect to Kipling;

(f) engaging in any other activity, including, but not limited to, the effectuation of assignments or transfers of its interests in goods bearing any unauthorized reproduction, copy, counterfeit or colorable imitations of any one or more of the Kipling Marks and/or any mark or design substantially indistinguishable from or confusingly similar to any one or more of the Kipling Marks and/or the Kipling Trade Dress, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 1(a) through 1(e) above; and

(g) destroying, altering, disposing of, removing, moving, transporting, tampering with or in any manner secreting any and all business records, including invoices, correspondence, customer/purchase lists, supplier lists, books of account, receipts, art work, designs, sketches or other documentation, and equipment and related paraphernalia relating or referring in any manner to or used or which could be used in or for the manufacture, advertising, receiving, supply, acquisition, importation, purchase, sale or offer for sale, or distribution of any merchandise bearing any unauthorized reproduction, copy, counterfeit or colorable imitation of any one or more of the Kipling Marks and/or any mark or design substantially indistinguishable from or confusingly similar to any one or more of the Kipling Marks and/or the Kipling Trade Dress and any other items in their possession, custody or control, including raw materials, and means of manufacture concerning the manufacturing, acquisition, importation, purchase, shipment, sales or offer for sale or distribution of said unauthorized merchandise.

2. Authorizing Plaintiff to seize, and/or directing Defendants to deliver for

destruction, all goods, labels, tags, artwork, prints, signs, packages, dies, plates, molds, matrices and any other means of production, wrappers, receptacles and advertisements in their possession, custody or control bearing any unauthorized reproductions, copies, or colorable imitations of one or more of the Kipling Marks and/or the Kipling Trade Dress or any marks or designs confusingly similar thereto, either individually or in connection with other words, marks or designs.

3. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that the Illegal Products manufactured, supplied, offered for sale, sold or otherwise circulated or promoted by Defendants is authorized by Kipling or is related to or associated in any way with the Kipling Products.

4. Awarding Kipling, at its election, actual damages or statutory damages in the amount of $2,000,000 per mark for each type of good in connection with which Defendants used counterfeits of one or more of the Kipling Marks.

5. Requiring Defendants to account and pay over to Kipling, all profits realized by their wrongful acts and directing that such profits be trebled due to Defendants' willful actions.

6. Awarding Kipling its costs and reasonable attorneys' and investigatory fees, expenses, costs, together with pre-judgment interest.

7. Awarding Kipling expedited discovery.

8. Awarding Kipling a sealing order.

9. Retaining jurisdiction over this action for the purpose of enabling Kipling to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

10. Awarding Kipling such other and further relief as the Court may deem just and proper.

Dated: New York, New York
October 26, 2016

**AKERMAN LLP**

Ira S. Sacks
Mark S. Lafayette
Jamie B. Shyman
666 Fifth Avenue, 20th Floor
New York, NY 10103
Tel. (212) 880-3800
Fax (212) 905-6458
*Attorneys for Plaintiff Kipling Apparel Corp.*